QUESTIONS: 1. What would be the liability, if any, of the state, through the Fire Fighters Standards Council or of the agents of the council in the event of injury to or death of one or more of the persons being tested under the direction of the council's field personnel? 2. Is the council required to issue its certificate to a student who satisfactorily complies with the uniform minimum standards imposed by the Fire Fighters Standards Council but is unable to meet higher standards imposed by the employing agency under provision of s. 163.530, F.S.?
SUMMARY: The Fire Fighters Standards Council and the Department of Community Affairs are agencies of the state within the purview of Chs. 163 and 768, F.S., and, as such, are liable for the acts of their officers, employees, or agents which occur within the scope or function of their employment to the extent, and subject to the limitations, of s. 768.28, except for such acts which arise from bad faith, malicious purpose, and willful and wanton disregard for human rights, safety, or property; except, further, liability does not extend to or encompass punitive damages or prejudgment interest. Each state agency or department is required to be covered by the Insurance Risk Management Trust Fund as provided in Part II of Ch. 284, F.S., unless specifically excluded by the Department of Insurance. Charges made to each agency by the Division of Risk Management for coverage in such trust funds are to be paid promptly by each agency from its operating budget directly to said trust fund, through the Division of Risk Management of the Department of Insurance. The council may not refuse to issue its certificate of compliance to any individual who has successfully complied with the uniform minimum training standards prescribed by the council and the qualifications for employment prescribed in s. 163.490, F.S. Section 768.28(1), F.S., provides that, in accord with the State Constitution, . . . the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. . . . The act further states, at subsection 768.28(2), F.S., that: "As used in this act, `state agencies or subdivisions' include the executive departments. . . ." The Fire Fighters Standards Council exists within the Department of Community Affairs, which, in turn, is
a part of the executive branch of government. As such, the council is an agency of the state within the meaning of s. 768.28(1). Having established that the Fire Fighters Standards Council is an "agency" of the state, s. 768.28(5), F.S., clearly provides that the state and its agencies are liable for tort claims to the same extent and in the same manner as would be a private individual of like circumstances. However, the liability of the state or its agencies does not include punitive damages or interest for the prejudgment period. Section 768.28(5) also places a cap on liability of $50,000 in payment of a claim or judgment by any one person and a $100,000 cap on payment of aggregate claims or judgments which arise out of the same occurrence or incident. This does not preclude claim for, or the rendition of, a judgment or judgments in excess of the prescribed limits, as those portions of a judgment or judgments which exceed such limits may be reported to the Legislature for such action as the Legislature may deem appropriate. Such additional or excess payments may be made partially or wholly only by further act of the Legislature. The Legislature amended s. 768.28(9), F.S., by Ch. 74-235, Laws of Florida, to provide that no officer, employee, or agent of the state or its agencies shall be held personally liable in tort for acts transpiring within the scope of employment unless those acts occur as a result of bad faith or malicious purpose or evince a manner exhibiting wanton or willful disregard of human rights, safety, or property. Pursuant to this subsection, if a judgment is entered personally against an officer, employee, or agent of the state or one of its agencies and such judgment arose as a result of any acts within the scope or function of the employment, then the state is obligated to pay such judgment subject to the previously set forth limitations of s. 768.28(5), F.S. Chapter 74-235, Laws of Florida, also amended portions of Part II of Ch.284, F.S., relating to the Florida Casualty Insurance Risk Management Trust Fund. Section 284.31, as amended, provides that the Insurance Risk Management Trust Fund shall, absent specified exclusion of the Department of Insurance, cover all departments of the state, their employees and agents, and other authorized persons, and that all departments of the state shall be covered by such fund unless specifically excluded by the Department of Insurance. The Division of Risk Management in the Department of Insurance created by s. 5, Ch. 74-235, Laws of Florida, administers Part II of Ch. 284, F.S. Section 284.36, F.S., provides, in effect, that premiums for coverage are to be billed to each agency of the state (the council, unless operating funds are budgeted in the Department of Community Affairs budget). Upon billing, such obligations are to be paid promptly by each agency from its operating budget directly to the Insurance Risk Management Trust Fund through the Division of Risk Management of the Department of Insurance. With regard to the second question, it is my opinion that the council may not refuse to issue a certificate of compliance to any person satisfactorily complying with the training program provided for in s. 163.495(1), F.S., and the qualifications for employment prescribed in s. 163.490, F.S. While s. 163.495(2), F.S., inhibits the employment of any person as a regular or permanent firefighter as defined by the employing agency until that person has obtained such certificate of compliance, the statute does not mandate or require the employment of such certificate holders by the employing agency. Further, s. 163.530, F.S., provides that nothing contained in Part IV of Ch. 163, F.S., shall be construed as prohibiting an employing agency from prescribing qualifications and standards for hiring, training, or promoting firefighters that exceed the minimum standards set by the Fire Fighters Standards Council. Your second question is, accordingly, answered in the affirmative.